# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| FLINT RIVERKEEPER, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16-CV-435-CAR |
| ) | |
| SOUTHERN MILLS, INC. d/b/a ) | |
| TENCATE PROTECTIVE FABRICS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFFS' MOTION FOR HEARING ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR LEAVE TO FILE A SURREPLY BRIEF

Plaintiffs Flint Riverkeeper, Inc., Jere Cox Moore, Shelby Cox More, Granville Cliff Moore, and Sean P. Draime hereby move the Court for a hearing on the Motion to Dismiss filed by Defendant Southern Mills, Inc. d/b/a TenCate Protective Fabrics ("TenCate") on October 26, 2016, and the Response in Opposition filed by Plaintiffs on November 30, 2016. As discussed herein, a hearing would assist the Court in deciding the issues presented by the Motion, including whether the Complaint sufficiently alleges bases for subject matter jurisdiction under the Clean Water Act, by assisting the Court in understanding the complex statutory and regulatory scheme at issue. Alternatively, Plaintiffs move the Court for leave to file a surreply brief not to exceed ten (10) pages to address specific points raised in TenCate's Reply on four issues discussed below.

## BACKGROUND

The Motion and Reply filed by TenCate on December 14, 2016, argue that the Court lacks subject matter jurisdiction over each of the Clean Water Act claims alleged in Plaintiffs' Verified Complaint filed on September 30, 2016—even the claim of direct overland dry weather discharges of still polluted industrial wastewater into surface waters via ditches, runnels, seeps, spray heads,

and other discrete conveyances. Plaintiffs' Response in Opposition argues that the Court has jurisdiction over all of Plaintiffs' Clean Water Act claims, which include claims of: (1) direct overland dry weather discharges; (2) discharges of still polluted industrial process wastewater mixed with stormwater via via ditches, runnels, seeps, spray heads, and other discrete conveyances ("direct overland wet weather discharges"); and (3) discharges of still polluted industrial process wastewater from spray heads to spray fields and ultimately to surface waters via groundwater with a direct hydrological connection.

## LEGAL STANDARD

Local Rule 7.5 states that "counsel desiring a hearing on a motion must make a request by written motion." The Court has discretion to grant a hearing on a Motion where it determines that "a hearing would . . . assist it in deciding the issues presented by [the] motion." *E.g.*, *Am. Family Life Assur. Co. of Columbus v. Intervoice*, 659 F. Supp. 2d 1271, 1273 n.1 (M.D. Ga. 2009).

Local Rule 7.3.1 states that "a party desiring to file a surreply brief must move in writing for permissions to do so within fourteen (14) days of the filing of the brief to which reply is desired, succinctly specifying the reasons why additional briefing is necessary."

## ARGUMENT

The Eleventh Circuit and this Court have noted that the Clean Water Act is a "complex environmental statute." *Envt'l Coal. of Broward Cnty., Inc. v. Myers*, 831 F.2d 984, 986 (11th Cir. 1987); *Anderson v. TLC Dev. Grp., Inc.*, 2006 WL 3949173, at *3 (M.D. Ga. Aug. 18, 2006) (Royal, J.) ("The Clean Water Act is a complex statute that established a comprehensive program to restore and maintain the chemical, physical, and biological integrity of the Nation's waters.").

As such, a hearing would assist the Court in deciding the issues presented by the Motion, including whether the Complaint sufficiently alleges bases for subject matter jurisdiction under

the Clean Water Act, by assisting the Court in understanding this "complex statutory and regulatory scheme that governs our Nation's waters." *PUD No. 1 of Jefferson Cnty. v. Wash. Dep't of Ecology*, 511 U.S. 700, 704 (1994) (O'Connor, J.).

Specifically, based on Plaintiff's review of the briefs, a hearing would also assist the Court in understanding: (1) the standard for pleading a good faith allegation of ongoing violations of the Clean Water Act; (2) whether the Clean Water Act applies to discharges of still polluted industrial wastewater from spray heads to spray fields and ultimately ***to surface waters*** via groundwater with a direct hydrological connection from the spray fields to the surface waters; (3) whether the Complaint sufficiently alleges that the direct overland wet weather discharges are discharges of still polluted industrial process wastewater mixed with stormwater for which, as TenCate concedes in its Reply, the NPDES Industrial Stormwater General Permit does not provide coverage, *see* Reply at 8 ("While it [the General Permit] does not authorize the discharge of stormwater that is commingled with industrial water, Plaintiffs have failed to allege with particularity that any such state of facts is occurring."); and (4) whether Plaintiffs' claims conflict with the Land Application System Permit or non-Clean Water Act state permitting program for Land Application Systems.

If the Court does not grant Plaintiffs' request for a hearing, Plaintiffs request pursuant to Local Rule 7.3.1 that the Court grant Plaintiffs leave to file a surreply brief not to exceed ten (10) pages to rebut specific points raised in TenCate's Reply on the above-mentioned four issues.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion for Hearing or in the alternative grant Plaintiffs leave to file a surreply brief not to exceed ten (10) pages.

Respectfully submitted,

Date: **November 30, 2016**     **s/ R. Hutton Brown**
R. Hutton Brown
Georgia Bar No. 089280
GREENLAW
104 Marietta Street, Suite 430
Atlanta, Georgia 30303
Telephone: (404) 659-3122
Facsimile: (404) 522-5290
E-mail: hbrown@greenlaw.org

*Counsel for Plaintiff Flint Riverkeeper, Inc.*

Date: **November 30, 2016**     **s/ Tyler J. Sniff**
Donald D.J. Stack
Georgia Bar No. 673735
Tyler J. Sniff
Georgia Bar No. 403125
STACK & ASSOCIATES, P.C.
260 Peachtree Street, Suite 1200
Atlanta, Georgia 30303
Telephone: (404) 525-9205
Facsimile: (404) 522-0275
E-mail: dstack@stack-envirolaw.com
tsniff@stack-envirolaw.com

*Counsel for Plaintiffs Flint Riverkeeper, Inc., Jere Michael Cox, Shelby C. Moore, Cliff Granville Moore, and Sean P. Draime*

# CERTIFICATE OF SERVICE

I, Tyler J. Sniff, hereby certify that on **December 24, 2016,** I electronically filed the foregoing **PLAINTIFFS' MOTION FOR HEARING ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR LEAVE TO FILE A SURREPLY BRIEF** with the Clerk of the Court for filing and uploading to the CM/ECF system, which will automatically send e-mail notification of such filing to all Counsel of Record.

Date: **December 24, 2016**   s/ Tyler J. Sniff
　　　　　　　　　　　　　　　　Tyler J. Sniff
　　　　　　　　　　　　　　　　Georgia Bar No. 403125
　　　　　　　　　　　　　　　　STACK & ASSOCIATES, P.C.
　　　　　　　　　　　　　　　　260 Peachtree Street, Suite 1200
　　　　　　　　　　　　　　　　Atlanta, Georgia 30303
　　　　　　　　　　　　　　　　Telephone: (404) 525-9205
　　　　　　　　　　　　　　　　Facsimile: (404) 522-0275
　　　　　　　　　　　　　　　　E-mail: tsniff@stack-envirolaw.com