## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

FLINT RIVERKEEPER, INC, et al.,

      Plaintiffs,

v.

SOUTHERN MILLS, INC., d/b/a
TENCATE PROTECTIVE FABRICS,

      Defendant.

Civil Action No. 5:16-cv-00435

## DEFENDANT SOUTHERN MILLS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFFS

COMES NOW Defendant Southern Mills, Inc. d/b/a TenCate Protective Fabrics ("TenCate"), who states as its Answer and Defenses to the Complaint filed by Plaintiff Flint Riverkeeper, Inc. ("Flint Riverkeeper"), Jere Michael Cox, Sherry Cox Moore, Granville Cliff Moore, and Sean Draime, the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

TenCate's discharges are authorized by permits issued by Georgia EPD and no nuisance or other claim may be maintained.

### THIRD DEFENSE

The CWA permit shield, 33 U.S.C. § 1342(k), shields TenCate from liability.

### FOURTH DEFENSE

Plaintiffs are estopped from asserting claims regarding the validity of the LAS Permit.

**FIFTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because they lack standing to assert them.

**SIXTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because their April 20, 2016 notice of intent to sue letter fails to comply with applicable regulations, including 40 C.F.R. § 135.2 and 40 C.F.R. § 135.3.

**SEVENTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because TenCate lacked fair notice.

**EIGHTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because penalizing TenCate for discharging in compliance with a LAS Permit would violate a due process.

**NINTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because they constitute an improper collateral attack on a permit issued by Georgia EPD.

**TENTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of abstention.

**ELEVENTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because they relate to discharges from non-point sources.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because groundwater is not "waters of the United States" under the Clean Water Act.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because all acts and conduct of TenCate pertaining to events described in the Complaint conformed with and were undertaken pursuant to statutes, government regulations, and industry standards, and were based upon the state of knowledge existing at all material times alleged in Complaint.

## FOURTEENTH DEFENSE

Plaintiffs have suffered no loss or injury that is legally or proximately caused by TenCate.

## FIFTEENTH DEFENSE

TenCate's conduct was not the cause in fact of any injuries or harm alleged in by Plaintiffs.

## SIXTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because TenCate is already subject to, and in compliance with, lawfully issued permits and corrective action requirements.

## SEVENTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because, at all times, TenCate has exercised due care and taken all responsible actions to prevent releases or threats of release with respect to the activities alleged in the Complaint.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to fulfill the administrative and/or statutorily required prerequisites to the filing of suit.

## NINETEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches, estoppel, and/or waiver.

## TWENTIETH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by applicable statutes of limitations and/or repose.

## TWENTY-FIRST DEFENSE

TenCate has acted at all times in good faith and in accordance with law.

## TWENTY-SECOND DEFENSE

TenCate reserves the right to assert such other and additional defenses available to it at such time and to such extent as is warranted and as may be revealed through disclosure, discovery, and factual development into this matter.

## TWENTY-THIRD DEFENSE

Without waiver of the foregoing affirmative and other defenses which are incorporated herein by reference, TenCate responds to the individually enumerated paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1.     TenCate denies that Flint Riverkeeper has legal basis or standing to bring its legal action and denies that Flint Riverkeeper is entitled to any remedy.  TenCate denies the factual allegations stated in Paragraph 1 of the Complaint.

2.     TenCate denies that Plaintiffs' have legal basis or standing to bring their state law claims and denies that Plaintiffs' are entitled to any remedy.

**JURISDICTION**

3.      The allegations in Paragraph 3 state a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 state a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 state a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 state a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 6 of the Complaint.

7.      The allegations in Paragraph 7 state a legal conclusion to which no response is required.  TenCate denies that this action may be maintained under the Clean Water Act 33 U.S.C. § 1365 and further denies the remaining allegations of Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 state a legal conclusion to which no response is required.  TenCate denies that this action may be maintained under the Clean Water Act 33 U.S.C. § 1365 and further denies the remaining allegations of Paragraph 8 of the Complaint.

9.      TenCate admits that it received a letter dated April 20, 2016, from Plaintiffs stating their intent to sue with respect to certain alleged collations of the Clean Water Act. TenCate is without knowledge or information sufficient to form a belief as to the truth of the

allegations as to other persons or entities to which copies of the letter referenced in this Paragraph were sent.

10.     TenCate admits that it received a copy of the letter attached as Exhibit A to the Complaint, but it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 and therefore denies these allegations.

11.     The letter referenced in the allegations of Paragraph 11 speaks for itself.  TenCate denies the remaining allegations as stated in Paragraph 11 of the Complaint.

12.     TenCate denies the allegations in Paragraph 12 of the Complaint.

13.     TenCate denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 state a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 14 of the Complaint.

15.     TenCate denies the allegations in Paragraph 15 of the Complaint.

## PARTIES

16.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 16 of the Complaint, and therefore denies these allegations.

17.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 17 of the Complaint, and therefore denies these allegations.

18.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 18 of the Complaint, and therefore denies these allegations.

19.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 19 of the Complaint, and therefore denies these allegations.

20.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 20 of the Complaint, and therefore denies these allegations.

21.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 21 of the Complaint, and therefore denies these allegations.

22.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 22 of the Complaint, and therefore denies these allegations.

23.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 23 of the Complaint, and therefore denies these allegations.

24.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 24 of the Complaint, and therefore denies these allegations.

25.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 25 of the Complaint, and therefore denies these allegations.

26.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 26 of the Complaint, and therefore denies these allegations.

27.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 27 of the Complaint, and therefore denies these allegations.

28.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 28 of the Complaint, and therefore denies these allegations.

29.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 29 of the Complaint, and therefore denies these allegations.

30.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 30 of the Complaint, and therefore denies these allegations.

31.     TenCate admits the allegations in Paragraph 31 of the Complaint.

32.     TenCate admits the allegations in Paragraph 32 of the Complaint.

33.     TenCate admits the allegations in Paragraph 33 of the Complaint.

34.     TenCate admits the allegations in Paragraph 34 of the Complaint.

35.     TenCate admits the allegations in Paragraph 35 of the Complaint.

36.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 36 of the Complaint, and therefore denies these allegations.

37.     TenCate admits the allegations in Paragraph 37 of the Complaint.

38.     TenCate admits the allegations in Paragraph 38 of the Complaint.

39.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 39 of the Complaint, and therefore denies these allegations.

40.     TenCate admits the allegations in Paragraph 40 of the Complaint.

41.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 41 of the Complaint, and therefore denies these allegations.

## STATUTORY AND REGULATORY FRAMEWORK

**I.      NPDES Permitting Program.**

42.     Paragraph 42 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate admits only that the paragraph contains a partial quote from the cited section of the CWA.

43.     Paragraph 43 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate admits only that the paragraph contains a partial quote from the cited section of the CWA.

44.     Paragraph 44 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate admits that Section 402(a) establishes a National Pollutant Discharge Elimination System ("NPDES") permitting requirements.

45.     Paragraph 45 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate admits only that the paragraph contains a partial quote from the cited section of the CWA.

46.     Paragraph 46 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate admits that the U.S. Environmental Protection Agency may delegate its NPDES permitting to states meeting certain requirements.

47.     Paragraph 47 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate admits that the U.S. Environmental Protection Agency may delegate its NPDES permitting to states meeting certain requirements, as EPA has done with the state of Georgia.

48.     Paragraph 48 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate admits only that the paragraph contains a partial quote from the cited section of the Georgia Water Quality Code.

49.     Paragraph 49 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is

required, TenCate admits only that the paragraph contains a partial quote from the cited section of the CWA.

59.     Paragraph 59 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 60 of the Complaint.

**II.    Regulation of Land Application Systems under the GWQCA.**

61.     Paragraph 61 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 66 of the Complaint, and therefore denies these allegations.

67.     Paragraph 67 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 67 of the Complaint, and therefore denies these allegations.

68.     Paragraph 68 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 68 of the Complaint, and therefore denies these allegations.

69.     Paragraph 69 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 69 of the Complaint, and therefore denies these allegations.

70.     Paragraph 70 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 70 of the Complaint, and therefore denies these allegations.

71.     Paragraph 71 of the Complaint contains no allegations directed at TenCate.   To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 71 of the Complaint, and therefore denies these allegations.

72.     Paragraph 72 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.   To the extent that a response is required, TenCate admits only that the paragraph contains a partial quote from the cited section of Georgia Regulations.

73.     Paragraph 73 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.   To the extent that a response is required, TenCate admits only that the paragraph contains a partial quote from the cited section of the Georgia Regulations.

**III.     Protection of Impaired Waters under the CWA.**

74.     Paragraph 74 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.   To the extent that a response is required, TenCate denies the allegations in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.   To the extent that a response is required, TenCate denies the allegations in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.   To the extent that a response is required, TenCate denies the allegations in Paragraph 76 of the Complaint.

77.    Paragraph 77 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 78 of the Complaint, and therefore denies these allegations.

79.    Paragraph 79 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 79 of the Complaint, and therefore denies these allegations.

80.    Paragraph 80 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 80 of the Complaint, and therefore denies these allegations.

**IV.    Citizen Enforcement of the CWA and Civil Penalties**

81.    Paragraph 81 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 81 of the Complaint.

82.    Paragraph 82 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 82 of the Complaint.

**FACTUAL BACKGROUND**

I.    **TenCate's Land Application System and Permit from EPD**

83.    TenCate admits that its plant near Molena, Georgia is located in Upson County. TenCate denies the remaining factual allegations in Paragraph 83 of the Complaint.

84.    TenCate admits the allegations in Paragraph 84 of the Complaint.

85.    Paragraph 85 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 85 of the Complaint, and therefore denies these allegations.

86.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 86 of the Complaint, and therefore denies these allegations.

87.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 87 of the Complaint, and therefore denies these allegations.

88.    TenCate admits that members of the public submitted comments regarding the issuance of the LAS Permit in 1989.  TenCate denies the remaining allegations in Paragraph 88 of the Complaint.

89.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 89 of the Complaint, and therefore denies these allegations.

90.    TenCate admits the allegations in Paragraph 90 of the Complaint.

91.    TenCate admits the allegations in Paragraph 91 of the Complaint.

92.     TenCate admits that it pre-treats wastewater by spray irrigation on Parcel No 005005.  TenCate denies the remaining allegations in Paragraph 92 of the Complaint.

93.     TenCate admits the allegations in Paragraph 93 of the Complaint.

94.     TenCate admits that it manages wastewater through its permitted LAS.  TenCate denies the remaining allegations in Paragraph 94 of the Complaint.

95.     TenCate admits that it produces byproducts associated with the SIC Codes 2262 and 2211.  TenCate denies the remaining allegations in Paragraph 95 of the Complaint.

96.     TenCate admits that Southern Mills, Inc. entered a Consent Order with EPD in 1992.   The Consent Order referenced in the allegations of Paragraph 96 speaks for itself and TenCate denies any allegations that seek vary from or contradict the terms of the Consent Order.  TenCate denies the remaining allegations as stated in Paragraph 96 of the Complaint.

97.     TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 97 of the Complaint, and therefore denies these allegations.

98.     TenCate admits the allegations contained in Paragraph 98 of the Complaint.

99.     TenCate admits the allegations contained in Paragraph 99 of the Complaint.

100.    TenCate admits the allegations contained in Paragraph 100 of the Complaint.

101.    TenCate admits that the South Zone Spray Field, as defined in Plaintiffs' Complaint, is approximately 55 acres.  TenCate is without information sufficient to form a belief as to the truth or falsity of the remaining allegations as stated in Paragraph 101 of the Complaint, and therefore denies these allegations.

102.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 102 of the Complaint, and therefore denies these allegations.

103.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 103 of the Complaint, and therefore denies these allegations.

104.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 104 of the Complaint, and therefore denies these allegations.

105.    TenCate denies the allegations contained in Paragraph 105 of the Complaint.

106.    TenCate admits the allegations contained in Paragraph 106 of the Complaint.

107.    TenCate admits that in 2004, Southern Mills, Inc. (d/b/a TenCate Protective Fabrics) was merged with TenCate Acquisition Corp. whose ultimate parent is Koninklijke TenCate, B.V.   TenCate denies the remaining allegations contained in Paragraph 107 of the Complaint.

108.    TenCate admits that it constructed spray fields on the West Zone, as defined in Plaintiffs' Complaint, in 2008.   TenCate is without information sufficient to form a belief as to the truth or falsity of the remaining allegations as stated in Paragraph 108 of the Complaint, and therefore denies these allegations.

109.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 109 of the Complaint, and therefore denies these allegations.

110.    TenCate admits that it constructed spray fields on the West Zone, as defined in Plaintiffs' Complaint, totaling approximately 45-acres.    TenCate is without information sufficient to form a belief as to the truth or falsity of the remaining allegations as stated in Paragraph 110 of the Complaint, and therefore denies these allegations.

111.    TenCate admits the allegations contained in Paragraph 111 of the Complaint.

112.    TenCate denies the allegations contained in Paragraph 112 of the Complaint.

113.    TenCate is without information sufficient to form a belief as to the truth or falsity of the remaining allegations as stated in Paragraph 113 of the Complaint, and therefore denies these allegations.

114.    TenCate denies the allegations contained in Paragraph 114 of the Complaint.

115.    TenCate admits the allegations contained in Paragraph 115 of the Complaint.

116.    TenCate denies the allegations contained in Paragraph 116 of the Complaint as written.    TenCate admits only that it voluntarily changed certain sprayheads as an accommodation without any indication of actual overspray.

117.    TenCate states that the LAS Permit speaks for itself and denies any allegations that seek to vary from or contradict the terms of the LAS Permit.  TenCate denies the remaining allegations as stated in Paragraph 117 of the Complaint.

118.    TenCate denies the allegations contained in Paragraph 118 of the Complaint.

119.    TenCate admits that Southern Mills, Inc. entered into a Consent Order with EPD in 2013.   The Consent Order referenced in the allegations of Paragraph 119 speaks for itself and TenCate denies any allegations that seek vary from or contradict the terms of the Consent Order. TenCate denies the remaining allegations as stated in Paragraph 119 of the Complaint.

120.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 120 of the Complaint, and therefore denies these allegations.

121.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 121 of the Complaint, and therefore denies these allegations.

122.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 122 of the Complaint, and therefore denies these allegations.

123.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 123 of the Complaint, and therefore denies these allegations.

124.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 124 of the Complaint, and therefore denies these allegations.

125.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 125 of the Complaint, and therefore denies these allegations.

126.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 126 of the Complaint, and therefore denies these allegations.

127.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 127 of the Complaint, and therefore denies these allegations.

128.    TenCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 128 of the Complaint, and therefore denies these allegations.

129.    TenCate admits that EPD issued a land application permit to TenCate in 2014. TenCate denies the remaining allegations stated in Paragraph 129 of the Complaint.

130.    TenCate states that the 2014 LAS Permit speaks for itself and denies any allegations that seek vary from or contradict the terms of the 2014 LAS Permit.  TenCate denies the remaining allegations as stated in Paragraph 130 of the Complaint.

131.    TenCate states that the 2014 LAS Permit speaks for itself and denies any allegations that seek vary from or contradict the terms of the 2014 LAS Permit.  TenCate denies the remaining allegations as stated in Paragraph 131 of the Complaint.

132.    TenCate states that the 2014 LAS Permit speaks for itself and denies any allegations that seek vary from or contradict the terms of the 2014 LAS Permit.  TenCate denies the remaining allegations as stated in Paragraph 132 of the Complaint.

133.    TenCate denies the allegations contained in Paragraph 133 of the Complaint.

134.    TenCate denies the allegations contained in Paragraph 134 of the Complaint.

135.    Paragraph 135 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate denies the allegations contained in Paragraph 135 of the Complaint.

136.   Paragraph 136 of the Complaint contains no allegations directed at TenCate.   To the extent that a response is required, TenCate denies the allegations contained in Paragraph 136 of the Complaint.

137.   Paragraph 137 of the Complaint contains no allegations directed at TenCate.   To the extent that a response is required, TenCate denies the allegations contained in Paragraph 137 of the Complaint.

138.   TenCate denies the allegations contained in Paragraph 138 of the Complaint.

139.   TenCate denies the allegations contained in Paragraph 139 of the Complaint.

140.   TenCate states that the 2014 LAS Permit speaks for itself and denies any allegations that seek vary from or contradict the terms of the 2014 LAS Permit.   TenCate denies the remaining allegations as stated in Paragraph 140 of the Complaint.

141.   TenCate denies the allegations contained in Paragraph 141 of the Complaint.

142.   TenCate denies the allegations contained in Paragraph 142 of the Complaint.

143.   TenCate denies the allegations contained in Paragraph 143 of the Complaint.

144.   TenCate denies the allegations contained in Paragraph 144 of the Complaint.

145.   TenCate denies the allegations contained in Paragraph 145 of the Complaint.

146.   TenCate denies the allegations contained in Paragraph 146 of the Complaint.

147.   TenCate denies the allegations contained in Paragraph 147 of the Complaint.

148.   TenCate states that the water sampling performed by TenCate over the past five years speaks for itself and denies any allegations that seek to vary from or contradict the terms of any water sampling results.   TenCate denies the remaining allegations contained in Paragraph 148 of the Complaint.

149.    TenCate states that the water sampling performed by TenCate since 2015 speaks for itself and denies any allegations that seek vary from or contradict the terms of any water sampling results.  TenCate denies the remaining allegations contained in Paragraph 149 of the Complaint.

150.    TenCate denies the allegations contained in Paragraph 150 of the Complaint.

<u>**CLAIMS FOR RELIEF**</u>

<u>**FIRST CLAIM FOR RELIEF**</u>

151.    TenCate incorporates and restates its defenses, denials, and responses to the foregoing paragraphs of the Complaint as if fully stated and set forth herein.

152.    Paragraph 152 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 152 of the Complaint.

153.    Paragraph 153 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 153 of the Complaint.

154.    Paragraph 154 of the Complaint contains no allegations directed at TenCate, but rather, states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 154 of the Complaint.

155.    Paragraph 155 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 155 of the Complaint.

156.    Paragraph 156 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 156 of the Complaint.

157.    Paragraph 157 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 157 of the Complaint.

158.    Paragraph 158 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 158 of the Complaint.

159.    TenCate denies the allegations contained in Paragraph 159 of the Complaint.

160.    TenCate denies the allegations contained in Paragraph 160 of the Complaint.

161.    TenCate denies the allegations contained in Paragraph 161 of the Complaint.

162.    TenCate denies the allegations contained in Paragraph 162 of the Complaint.

163.    Paragraph 163 of the Complaint contains no allegations directed at TenCate.  To the extent that a response is required, TenCate denies the allegations in Paragraph 163 of the Complaint.

164.    Paragraph 164 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 164 of the Complaint.

165.    Paragraph 165 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 165 of the Complaint.

166.     Paragraph 166 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 166 of the Complaint.

167.     Paragraph 167 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 167 of the Complaint.

## SECOND CLAIM FOR RELIEF

168.     TenCate incorporates and restates its defenses, denials, and responses to the foregoing paragraphs of the Complaint as if fully stated and set forth herein.

169.     Paragraph 169 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 169 of the Complaint.

170.     TenCate denies the allegations contained in Paragraph 170 of the Complaint.

171.     Paragraph 171 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 171 of the Complaint.

172.     Paragraph 172 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 172 of the Complaint.

173.     Paragraph 173 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 173 of the Complaint.

174.    Paragraph 174 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 174 of the Complaint.

175.    Paragraph 175 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 175 of the Complaint.

### THIRD CLAIM FOR RELIEF

176.    TenCate incorporates and restates its defenses, denials, and responses to the foregoing paragraphs of the Complaint as if fully stated and set forth herein.

177.    Paragraph 177 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 177 of the Complaint.

178.    Paragraph 178 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 178 of the Complaint.

179.    Paragraph 179 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 179 of the Complaint.

180.    Paragraph 180 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 180 of the Complaint.

181.     Paragraph 181 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 181 of the Complaint.

182.     Paragraph 182 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 182 of the Complaint.

183.     Paragraph 183 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 183 of the Complaint.

## FOURTH CLAIM FOR RELIEF

184.     TenCate incorporates and restates its defenses, denials, and responses to the foregoing paragraphs of the Complaint as if fully stated and set forth herein.

185.     Paragraph 185 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 185 of the Complaint.

186.     Paragraph 186 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 186 of the Complaint.

187.     Paragraph 187 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 187 of the Complaint.

188.     Paragraph 188 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 188 of the Complaint.

189.     Paragraph 189 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 189 of the Complaint.

## FIFTH CLAIM FOR RELIEF

190.     TenCate incorporates and restates its defenses, denials, and responses to the foregoing paragraphs of the Complaint as if fully stated and set forth herein.

191.     Paragraph 191 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 191 of the Complaint.

192.     Paragraph 192 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 192 of the Complaint.

193.     Paragraph 193 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 193 of the Complaint.

194.     Paragraph 194 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 194 of the Complaint.

195.    Paragraph 195 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 195 of the Complaint.

196.    Paragraph 196 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 196 of the Complaint.

197.    Paragraph 197 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 197 of the Complaint.

## SIXTH CLAIM FOR RELIEF

198.    TenCate incorporates and restates its defenses, denials, and responses to the foregoing paragraphs of the Complaint as if fully stated and set forth herein.

199.    Paragraph 199 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 199 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

200.    TenCate incorporates and restates its defenses, denials, and responses to the foregoing paragraphs of the Complaint as if fully stated and set forth herein.

201.    TeCate is without information sufficient to form a belief as to the truth or falsity of the allegations as stated in Paragraph 201 of the Complaint, and therefore denies these allegations.

202.    Paragraph 202 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 202 of the Complaint.

203.    Paragraph 203 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, TenCate denies the allegations in Paragraph 203 of the Complaint.

204.    TenCate denies that Plaintiffs are entitled to any of the relief sought in the "Prayer for Relief" Clause on pages 28 and 29 of the Complaint.  Any allegation of the Complaint not expressly admitted or denied herein is hereby denied.

<u>**COUNTERCLAIM**</u>

COMES NOW TenCate, pursuant to Fed.R.Civ.P. 13, without waiving any defenses set forth in its Answer, and asserts the following Counterclaim against Plaintiffs and Counterclaim Defendants Flint Riverkeeper, Inc. ("Flint Riverkeeper"), Jere Michael Cox, Sherry Cox Moore, Granville Cliff Moore, and Sean Draime:

1.    This Court has jurisdiction and proper venue of TenCate's counterclaim.

2.    Counterclaim Plaintiff TenCate is the owner of approximately 342.84-acres of real property located at 1683 Lawrence Road in Molena, Upson County, Georgia where TenCate operates a plant that manufactures protective fabrics used by firefighters, the military, and others.

3.    As part of its plant operations, TenCate operates approximately 116-acres of spray fields, which comprise a Land Application System ("LAS") that disposes of process water to a land treatment system.

4.    TenCate's spray fields are improved with state-of-the-art spraying equipment and treatment systems.

5.      TenCate has maintained a Land Application System Permit from the Georgia EPD since 1989 which governs the plant's application of process water to a land treatment system and authorizes direct impacts to groundwater.

6.      The permits issued to TenCate represent a valuable property right.

7.      The mechanical equipment, piping, and other components of the LAS which have remaining useful life represent a valuable property right.

8.      The fields receiving the permitted discharges are dedicated to that purpose and represent a valuable property right.

9.      TenCate has continuously pursued an authorized use of the fields with the approval of EPD and such use represents a vested property right.

10.     As set forth in Paragraphs 81 and 82 of their Complaint, Counterclaim Defendants, pursuant to Paragraphs 505(a), 33 U.S.C. § 1365(a), and 309(d), 33 U.S.C. § 1319(d), of the Clean Water Act seek to stand in the shoes of the U.S. Environmental Protection Agency and the Georgia Environmental Protection Division to enforce provisions of federal and state law and regulations.

11.     Counterclaim Defendants act as a surrogate of the United States and State of Georgia in seeking to enforce federal and state law and regulations under the Clean Water Act.

12.     As stated in Paragraph 122 of the Complaint, "Flint Riverkeeper urged EPD to move TenCate from an LAS to a 'NPDES-permitted direct discharge.'"

13.     As stated in Paragraph 123 of the Complaint, Flint Riverkeeper member Donald Fowler urged EPD to require TenCate to move to a direct stream discharge system for treating its industrial wastewater.

14.     Through various public statements and comments, Flint Riverkeeper has asserted that moving LAS operators to a direct discharge system would benefit flow regimes, and therefore the public, during periods of low flow in the Flint River.

15.     If TenCate is required to abandon the LAS system based on counterclaim Defendants' allegations set forth in their Complaint, any such abandonment caused by the Counterclaim Defendants would constitute an unlawful interference with TenCate's property rights and would impair TenCate's ability to use and enjoyment of the property.

16.     If TenCate is required to abandon the LAS system based on Counterclaim Defendants' allegations set forth in their Complaint, the counterclaim Defendants' conduct constitutes a taking and damaging of TenCate's property for public purpose without just and adequate compensation in violation of TenCate's rights under the Constitution of the United States and the State of Georgia.

17.     If TenCate is required to abandon the LAS system based on Counterclaim Defendants' allegations set forth in their Complaint, the counterclaim Defendants' conduct gives rise to liability for inverse condemnation of TenCate's property.

18.     If TenCate is required to abandon the LAS system based on counterclaim Defendants' allegations set forth in their Complaint, TenCate is entitled to an award of damages based upon the reduction in the fair market value of the TenCate spray fields, regulatory permits, and associated improvements thereon caused by the actions of the Counterclaim Defendants in an amount to be proven at trial.

19.     TenCate is authorized to recover its reasonable attorney's fees and litigation expenses pursuant to 33 U.S.C. § 1365(d) and/or O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Wherefore, having fully responded to the Complaint, Defendant TenCate respectfully requests:

(a)    That the Court deny Plaintiffs' claims and enter judgment in favor of Defendant on each and every count contained in the Complaint asserted against Defendant;

(b)    That all costs of this action be taxed against Plaintiffs.

(c)    That TenCate recover its reasonable expenses and attorneys' fees incurred in defending this action to the extent allowed by law;

(d)    That the Court enter judgment in favor of TenCate and against Counterclaim Defendants on its counterclaim; and

(e)    That the Court grant to Defendant such other and further relief as it deems just, equitable, and proper.

Dated: May 26, 2017.

SOUTHERN MILLS, INC., d/b/a
TENCATE PROTECTIVE FABRICS


By:    /s/ William M. Droze
    William M. Droze (Ga. Bar No. 231039)
    Gregory W. Blount (Ga. Bar No. 064375)
    Justin T. Wong (Ga. Bar No. 969504)

TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia  30308-2216
Phone:     (404) 885-3000
Facsimile:  (404) 885-3900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2017, the counsel indicated below were served by way of the Court's CM/ECF electronic filing system:

R. Hutton Brown
GREENLAW
hbrown@greenlaw.com
Counsel for Plaintiff Flint Riverkeeper, Inc.

Donald D.J. Stack
Tyler J. Sniff
STACK & ASSOCIATES, PC
dstack@stack-environlaw.com
tsniff@stack-envirolaw.com
Counsel for Plaintiffs Flint Riverkeeper, Inc., Jere Michael Cox,
Selby Cox Moore, Granville Cliff Moore, and Sean P. Draime

By:   _/s/ William M. Droze_
William M. Droze
Georgia Bar Number 231039