**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| FLINT RIVERKEEPER, INC., ) <br> JERE MICHAEL COX, ) <br> SHELBY COX MOORE, ) <br> GRANVILLE CLIFF MOORE, and ) <br> SEAN P. DRAIME, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> SOUTHERN MILLS, INC. d/b/a ) <br> TENCATE PROTECTIVE FABRICS ) <br>  ) <br> Defendants. ) <br>  ) | **CIVIL ACTION NO. 5:16-CV-435-CAR** |

**[PROPOSED] SCHEDULING AND DISCOVERY ORDER**

The Parties held a Rule 26(f) conference on June 6, 2017. In accordance with the Court's Rules 16 and 26 Order dated May 25, 2017, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.     Nature of the Case:**

Plaintiffs Flint Riverkeeper, Inc., Jere Michael Cox, Shelby Cox Moore, Cliff Granville Moore, and Sean P. Draime allege that Defendant Southern Mills, Inc. d/b/a TenCate Protective Fabrics violated and continues to violate the federal Clean Water Act ("CWA") by discharging pollutants from point sources on and near Defendant's land application system ("LAS") at its textile dyeing and finishing plant in Molena, Upson County, Georgia ("Facility") into tributaries of the Flint River on Plaintiffs' properties without and not in accordance with any National Pollutant Discharge Elimination System ("NPDES") permit.

Specifically, Plaintiffs allege that Defendant operated and continues to operate its LAS in a manner that caused and continues to cause direct overland discharges of polluted industrial process wastewater from spray fields of the LAS to the tributaries via ditches, runnels seeps, spray heads, and other discrete conveyances during dry weather (no precipitation). Plaintiffs also allege that Defendant has operated and continues to operate its LAS in a manner that caused and continues to cause direct overland discharges of polluted industrial process wastewater mixed with stormwater via ditches, runnels, seeps, spray heads, and other discrete conveyances during wet weather and that such discharges are unpermitted and/or not in accordance with the NPDES Industrial Stormwater General Permit issued by the Georgia Environmental Protection

Division.  Plaintiffs further allege that Defendant has operated and continues to operate its LAS in a manner that caused and continues to cause discharges of polluted industrial process wastewater from ditches, runnels, seeps, spray heads, and other discrete conveyances to surface waters via hydrologically connected groundwater.  Plaintiffs Jere Michael Cox, Shelby Cox Moore, Cliff Granville Moore, and Sean P. Draime also allege that these alleged discharges, and the alleged emission of noxious chemical odors from the LAS, onto their properties adjacent to the LAS constitute a nuisance, trespass/violation of their riparian rights, and negligence and negligence per se.  These Plaintiffs seek punitive damages and attorneys' fees and expenses of litigation.

Defendant disputes these allegations, and alleges in a counterclaim against Plaintiffs that, if based on Plaintiffs' allegations Defendant must abandon its LAS, then Plaintiffs' action would constitute an unconstitutional taking.  The legal issues include liability for the above-referenced claims and whether Plaintiffs are entitled to the remedies they seek (including damages, injunctive relief, civil penalties, and attorneys' fees and expenses of litigation).  Defendant also disputes the jurisdiction of the Court over the Plaintiffs' Clean Water Act claims to the extent that such claims contend that groundwater, even if hydrologically connected to surface water, is a "water of the United States" and to the extent that Plaintiffs' allegations assert that the LAS constitutes a point source discharge to groundwater.

**II.    Counsel of Record:**

The following individually-named attorneys are designated lead counsel for the Parties:

*For Plaintiffs Jere Michael Cox, Shelby Cox Moore, Cliff Granville, Moore, and Sean P. Draime:*

Donald D.J. Stack
Georgia Bar No. 673735
STACK & ASSOCIATES, P.C.
260 Peachtree Street, Suite 1200
Atlanta, Georgia 30303
Telephone: (404) 525-9205
Facsimile: (404) 522-0275
E-mail: dstack@stack-envirolaw.com

*For Plaintiff Flint Riverkeeper, Inc.:*

R. Hutton Brown
Georgia Bar No. 089280
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 521-9900
Facsimile: (404) 521-9909
E-mail: hbrown@selcga.org

*For Defendant:*

William M. Droze
Georgia Bar No. 231039
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 885-3468
Facsimile: (404) 962-6547
E-mail: william.droze@troutmansanders.com

### III. Complaint and Answer Filing Dates:

The Complaint was filed on September 30, 2016. The Answer/Counterclaim was filed on May 26, 2017. On June 16, 2017, Plaintiffs filed a Motion to Dismiss Defendant's Counterclaim.

### IV. Discovery Deadlines:

#### A. Time for Discovery

The time for discovery in this case shall expire Thursday, February 15, 2018.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

#### B. Scope of Discovery

##### 1. Topics

Plaintiffs will seek discovery relative to the pretreatment system, LAS, and Facility, including but not limited to the Parties' sampling activities, the condition and operation of the pretreatment system and LAS at the Facility, including volumes and times of and weather conditions during spraying, modifications to the pretreatment system and LAS and their operations over time, the chemical composition and amount of process chemicals in process water and process wastewater at the Facility, permits, federal and state oversight of activities at the site, emissions of odors from the LAS and Facility, and impacts to Plaintiffs' use and enjoyment of their properties and their property values from alleged discharges and odors.

Defendant will seek discovery relative to the Plaintiffs' properties and contribution to alleged contamination, sampling activities by Plaintiffs, the alleged basis for Plaintiffs' claims, Plaintiffs' participation in the permitting process for the Facility that preceded this action, and governmental activity at the site.

It is anticipated that lay and expert testimony will be taken relative to these topics. Further, discovery will coincide with those issues, claims, counterclaims, and defenses set forth in the pleadings of the Parties.

##### 2. Site Inspection

Discovery will include, pursuant to Fed. R. Civ. P. 34(a)(2), a site inspection by a Party's experts of the other Party's property(ies) including Defendant's

pretreatment system and LAS. The scope of the inspection shall be set forth in a request consistent with Fed. R. Civ. P. 34.

The Plaintiffs may request to inspect inside Defendant's dyeing and finishing plant. The Parties will work in good faith to reach agreement on the terms of an inspection including an appropriate protective order, if necessary, but the Defendant reserves the right to object to such request.

The Parties will work in good faith to accomplish these site inspections no later than August 31, 2017.

The Parties agree that during the site inspections each Party will be able to collect a reasonable number of surface water, groundwater, effluent, and soil samples of the Parties' properties in a nondestructive and nonburdensome manner, provided that split sampling if desired shall be allowed.

### C.  Electronically Stored Information

Electronically stored information ("ESI") will be included in discovery requests of the Parties, including sampling data, operational records, and e-mail correspondence.

The parties will work in good faith to reach a stipulation as to the format of production for ESI. Any stipulation of the parties shall be subject to the provisions of Fed. R. Civ. P. 26(b)(2)(B), (C).

Any dispute related to ESI shall be subject to Paragraph III.H of this Order.

### D.  Privilege Claims

#### 1.  Inadvertent Disclosure

The Parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5) regarding information produced in discovery that is subject to a claim of privilege or protection as trial preparation material. Pursuant to Federal Rule of Evidence 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other proceeding.

#### 2.  Privilege Logs

A party shall produce a privilege log within fourteen (14) days of its first production of documents for which privilege is asserted to apply, and within fourteen (14) days after the time of any subsequent or rolling productions.

Each privilege log must identify any and all documents and redacted portions of documents responsive to discovery requests that have been withheld from

production based on the attorney-client, work product, and/or any other applicable privilege or protection from disclosure.

Each log shall contain the following information: (1) date of document; (2) name of the author and each recipient of the document, including all persons copied; (3) a description of the subject matter of the document with information sufficient to demonstrate the existence of the privilege; and (4) the Bates range of the withheld documents.

The parties need not log privileged documents that are communications sent to counsel from clients and sent to clients from counsel that both post-date the Notice of Intent to Sue Letter sent by Plaintiffs on April 21, 2016 and pertain to the prosecution or defense of this litigation.

### E. **Witnesses to be Deposed**

#### 1. **By Plaintiffs:**

Plaintiffs intend to take the depositions of employees and consultants of Defendant, and Plaintiffs shall identify them and they may be contacted through counsel.

Plaintiffs also intend to take the deposition of a corporate representative(s) of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) which witness(es) may be contacted through counsel.

Plaintiffs may depose certain fact witnesses as necessary. Plaintiffs also intend to depose any expert disclosed by Defendant.

#### 2. **By Defendants:**

Defendant maintains that a corporate representative deposition should occur prior to the deposition of any individual employees. Defendant further reserves its right to assert privilege as to the deposition of any consultant.

Defendant intends to take the deposition of each Plaintiff who may be contacted through counsel. Defendant further intends to take the deposition of any expert disclosed by Plaintiffs, or any fact witness relative to alleged odors or contaminants, including but not limited to news sources.

#### 3. **All Parties:**

The Parties may have the need to depose employees of the U.S. Environmental Protection Agency or Georgia Environmental Protection Division who may have knowledge about this dispute.

The Parties reserve the right to depose any witness having knowledge who may be disclosed in the Initial Disclosures of the Parties due on or before June 26, 2017 and as supplemented.

### F. Expert Witnesses

#### 1. Designation of Experts

The Plaintiff must disclose the identity of any expert witness who shall file an Expert Report on or before October 31, 2017.

The Defendant must disclose the identity of any expert witness who shall file an Expert Report on or before December 15, 2017.

#### 2. Expert Reports

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).

Any supplemental expert reports must be served on or before January 15, 2018. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

### G. Discovery Limitations or Need for Protective Order

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded, but shall not exceed fifty (50) without prior agreement of the parties.

Notwithstanding the foregoing, the parties shall work together in good faith and use their best efforts to stipulate to the authenticity and admissibility of any documents intended for use at any hearing or trial.

The Defendant may request that a protective order be entered to protect sensitive business or trade information related to processes utilized at the Facility. The Parties will work together in good faith to reach agreement on the terms of such an order prior to the production of such information.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Lee Anne Purvis, Courtroom Deputy at (478) 752-0739 to request a telephone conference with the Court.

V.   **Time for Filing Motions:**

   A.   **Motions to Amend the Pleadings or to Join Parties**

   All motions seeking to amend the pleadings or to join parties must be filed no later than August 23, 2017, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

   B.   **Daubert Motions**

   All *Daubert* motions must be filed no later than March 9, 2018.

   C.   **Dispositive Motions**

   All dispositive motions must be filed no later than March 9, 2018.

VI.   **Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

**SO CERTIFIED** this 14th day of July, 2017.

| | |
|---|---|
| **s/ Donald D.J. Stack** | **s/ R. Hutton Brown** |
| Donald D.J. Stack | R. Hutton Brown |
| Georgia Bar No. 673735 | Georgia Bar No. 089280 |
| Tyler J. Sniff | April S. Lipscomb |
| Georgia Bar No. 403125 | Georgia Bar No. 884175 |
| STACK & ASSOCIATES, P.C. | SOUTHERN ENVIRONMENTAL LAW CENTER |
| 260 Peachtree Street, Suite 1200 | Ten 10th Street, Suite 1050 |
| Atlanta, Georgia 30303 | Atlanta, Georgia 30309 |
| Telephone: (404) 525-9205 | Telephone: (404) 521-9900 |
| Facsimile: (404) 522-0275 | Facsimile: (404) 521-9909 |
| E-mail: dstack@stack-envirolaw.com | E-mail: hbrown@selcga.org |
| tsniff@stack-envirolaw.com | alipscomb@selcga.org |
| *Counsel for Plaintiffs Flint Riverkeeper, Inc., Jere Michael Cox, Shelby Cox Moore, Cliff Granville, Moore, and Sean P. Draime* | *Counsel for Plaintiff Flint Riverkeeper, Inc.* |

**s/ William M. Droze**
William M. Droze
Georgia Bar No. 231039
Gregory W. Blount
Georgia Bar No. 064375
Justin T. Wong
Georgia Bar No. 969504
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 885-3468
Facsimile: (404) 962-6547
E-mail: william.droze@troutmansanders.com

*Counsel for Defendant Southern Mills, Inc.*

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the Parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this 19th day of July, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT