IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FLINT RIVERKEEPER, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | No. 5:16-CV-435 (CAR) |
| v. | : | |
| | : | |
| SOUTHERN MILLS, INC., d/b/a | : | |
| TENCATE PROTECTIVE FABRICS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON DEFENDANT'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Before the Court is Defendant Southern Mills's Motion for Amended Order to allow Defendant to file a petition for an interlocutory appeal of this Court's May 12, 2017 Order denying Defendant's Motion to Dismiss Plaintiffs' claims for violations of the Federal Water Pollution Control Act of 1972 (Clean Water Act, or CWA), 33 U.S.C. § 1251, *et seq.*, and Georgia law. Having considered Defendant's Motion, Plaintiffs' response, and the brief of the amici curiae, the Court **HEREBY DENIES** Defendant's Motion [Doc. 22] for the following reasons.[1]

In this action, Plaintiffs allege Defendant is violating the CWA and certain state laws by unlawfully discharging polluted industrial wastewater into tributaries of the

---

[1] Amici curiae Georgia Association of Manufacturers, Georgia Poultry Federation, and Georgia Paper and Forest Products Association filed a brief in support of Defendant's Motion. [Doc. 28.]

1

Flint River, both overland and via groundwater with a direct hydrological connection to surface water. Pertinent to the present Motion, in the May 12, 2017 Order, the Court found Plaintiffs sufficiently stated a claim under the CWA that (1) Defendant discharges pollutants into "navigable waters" via hydrologically connected groundwater; and (2) Defendant discharges wastewater into groundwater from a point source. On May 30, 2017, Defendant filed the present Motion seeking a certification for interlocutory appeal on both issues. Defendant's Motion is now ripe for ruling.

The certification of interlocutory appeals from a district court to the court of appeals is governed by 28 U.S.C. § 1292(b). By its terms, § 1292(b) authorizes an appeal of an interlocutory order only where (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the termination of the litigation."[2] The Eleventh Circuit has characterized a § 1292(b) interlocutory appeal as a "rare exception" to the premise that the great bulk of appellate review must be conducted after final judgment.[3] As a result, § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation [,] where a question which would be dispositive of the litigation is raised[,]

---

[2] 28 U.S.C. § 1292(b); *see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that a litigant seeking § 1292(b) certification must satisfy all of these elements); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (describing these three criteria as the "core requirement" for § 1292(b) certification).

[3] *McFarlin*, 381 F.3d at 1359; *see also OFS Fitel*, 549 F.3d at 1359 (pointing out that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals").

2

and there is serious doubt as to how it should be decided."[4]  "Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion."[5]

Here, an interlocutory appeal will not advance the ultimate termination of this litigation.  Discovery is necessary before an ultimate decision can be made regarding whether Plaintiffs can maintain their CWA claim—either on summary judgment or by trial.  Generally, "interlocutory appeals of denials of a motion to dismiss are less likely to advance the ultimate termination of litigation because the Court must assume that all the facts alleged in the complaint are true."[6]  In this case, whether Defendant discharges pollutants from a point source into "navigable waters" via hydrologically connected groundwater "requires a full review of the facts, not simply a conclusion based on the law."[7]  In denying Defendant's Motion to Dismiss, this Court merely held that accepting the facts alleged in the Complaint as true, Plaintiff has stated a claim under the CWA.  With the benefit of discovery, Defendants can argue on summary judgment that it does not discharge pollutants from a point source into "navigable waters."

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Amended Order [Doc.

---

[4] *McFarlin*, 381 F.3d at 1256.
[5] *U.S., ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1379 (N.D. Ga. 2010) (citations omitted).
[6] *Fabricant v. Sears Roebuck & Co.*, No. 98-1281-CIV-NESBITT, 2001 WL 883303, at *2 (S.D. Fla. Jan. 29, 2001) (internal citations omitted).
[7] *See Sierra Club v. Virginia Elec. and Power Co.*, No. 2:15cv112, 2016 WL 5349081, at *3 (E.D. Va. Feb. 4, 2016) (denying defendant's motion for certification for interlocutory appeal).

22] to allow Defendant to file a petition for an interlocutory appeal to the Eleventh Circuit Court of Appeals is **DENIED**.

**SO ORDERED,** this 15th day of August, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT