IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FLINT RIVERKEEPER, INC., et al, )<br>)<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>SOUTHERN MILLS, INC. d/b/a )<br>TENCATE PROTECTIVE FABRICS, )<br>)<br>        Defendant. )<br>_____) | CIVIL ACTION FILE<br>NO. 16-CV-435-CAR |

## CONSENT PROTECTIVE ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE CONSENT ORDER SUBMITTED TO THE COURT.**

COME NOW Flint Riverkeeper, Inc., Jere Michael Cox, Shelby Cox Moore, Granville Cliff Moore, and Sean P. Draime, Plaintiffs above-named, and Southern Mills, Inc. d/b/a Tencate Protective Fabrics ("Tencate"), Defendant above-named, who consent and agree to entry of a Protective Order on the following terms and conditions:

IT IS HEREBY ORDERED THAT:

1. Information produced or exchanged in the course of this action (the "Litigation") by the Parties may be classified as "Confidential or Highly Confidential Information".

(a) "Confidential Information" as used in this Order shall mean any type of classification of document, computer generated or stored information, or other information which contains confidential or proprietary commercial information. "Confidential Information" as used in

1

this Order shall not include attorney / client communications or attorney work product for which separate objection will be made. Confidential Information shall be designated as such by the producing party, whether it be a document, computer data, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as confidential, the producing party will only make such designation as to that information which it in good faith believes contains confidential information.

(b)-"Highly Confidential" as used in this Consent Order shall mean information which is Confidential Information and has additional proprietary or competitive sensitivity such that it shall be restricted solely to counsel or experts retained for purposes of this litigation and necessary to assist counsel in their review, together with the Court and its personnel.

2. "Qualified Person" as used in this Order shall mean:

(a) The Court, its law clerks, filing or document clerks, staff or other personnel, and court reporters;

(b) Counsel of record, employees of counsel of record, and their agents to whom it is necessary that Confidential or Highly Confidential Information be shown for purposes of the Litigation;

(c) Parties of record (except as to Highly Confidential Information);

(d) Persons or their agents retained by any party or counsel of record in this Litigation solely for the purpose of assisting in the preparation of this Litigation for trial, such as independent accountants, statisticians, economists, or other experts including staff and support personnel to whom it is necessary that Confidential or Highly Confidential Information be shown for purposes of assisting in such preparation and who have executed the Acknowledgment of Consent Order in the exact form as Exhibit A hereto;

(e) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties.

3. Confidential Information or Highly Confidential Information shall include all copies of such documents and information which a party has designated as Confidential Information or Highly Confidential Information by marking the initial page of an original or copied document or diskette with that designation. A stamped marking of the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be a sufficient designation. In lieu of marking the originals, the designating party may (a) mark the copies of such documents or information that are produced or exchanged, or (b) in a separate writing transmitted to the other party, designate information as Confidential Information or Highly Confidential Information by specifically identifying such information by Bates stamp number on the documents.

4. Any deposition of the Parties, or one of their present or former officers, directors, employees or agents, or of an independent expert retained by a party for purposes of this Litigation, or third parties, may be designated as Confidential Information or Highly Confidential Information by indicating on the record at the deposition that the testimony should bear that designation and will thereupon be subject to the provisions of this Order. The party may also designate such deposition as Confidential Information or Highly Confidential Information by notifying all parties in writing, within ten days of receipt of the full and complete transcript of said deposition. In addition, any deposition in which any Confidential Information or Highly Confidential Information is marked as an exhibit shall be considered as bearing that designation and shall be subject to this Order insofar as the Confidential Information or Highly Confidential Information or testimony relating to the Confidential Information or Highly Confidential Information is concerned.

5. Any information or documents designated as Confidential Information shall not be made available to persons other than Qualified Persons. Any person who receives Confidential or Highly Confidential Information shall use it solely for the purpose of this Litigation. Any information or documents designated as Highly Confidential Information shall be available only to counsel to the parties and any expert who is necessary to assist counsel who shall use it solely for the purpose of this Litigation.

6. Nothing shall prevent disclosure beyond the terms of this Order if the producing party consents to such disclosure, or if the Court, after notice to all affected persons, orders such disclosure.

7. The inadvertent or unintentional disclosure by the designating party of Confidential Information or Highly Confidential Information, regardless of whether the information or document was so designated at the time of disclosure, shall not be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information or document disclosed or as to any other information or document relating thereto on the same or related subject matter.

8. The party receiving Confidential Information or Highly Confidential Information shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event the recipient disagrees at any stage of the proceedings with the designation by the producing party, the recipient shall designate in writing the information or documents deemed not confidential. The parties shall first try to dispose of the dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the producing party may apply for appropriate relief to the Court within 10 days of the recipient's certification that good faith informal resolution efforts have been exhausted.

The Court may thereafter conduct an *in camera* inspection of the disputed materials. The party asserting the confidentiality of the information shall have the burden before the Court of establishing that the information or document is entitled to such classification.

9. All Confidential Information or Highly Confidential Information subject to the terms of this Order, that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Confidential Information or Highly Confidential Information, shall be filed under seal and kept under seal until further order of Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. The parties shall comply with the Court's Local Rules relative to the sealing of documents.

10. At the conclusion of this Litigation, any originals or reproductions of any Confidential Information in the possession of a Qualified Person or Highly Confidential Information in the possession of counsel or experts shall be returned to the producing party, third party, or destroyed upon request of the person that had produced the information. Other than the Court or its personnel, any and all copies, analyses, compilations, summaries, extracts or other work product derived from Confidential Information or Highly Confidential Information shall be destroyed by the person who received it. To the extent that Confidential Information or Highly Confidential Information is incorporated into deposition testimony, motions, briefs, or other file material, the party in possession of the deposition, motion, brief, or file material shall not be required to compromise the integrity of its file but shall in good faith cooperate with the producing party to return, destroy or otherwise protect from disclosure the Confidential Information or Highly Confidential Information.

11. The provisions of this Protective Order shall survive the conclusion of the Litigation, except that a Qualified Person in the possession of Confidential Information or counsel or experts in

possession of Highly Confidential Information may seek written permission of the producing party or further order of the Court with respect to dissolution or modification of the Order. Such a request for dissolution or modification of the Order may also be made by any Qualified Person at any time during the pendency of the Litigation.

**ADDED BY THE COURT**: The Court finds that good cause exists for the entry of this order with the following condition:  Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

SO ORDERED, this 7th day of September, 2017.

                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT

**PREPARED BY:**

TROUTMAN SANDERS LLP


  /s/William M. Droze_____
William M. Droze
Georgia Bar No. 231039
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

Attorneys for Defendant

**CONSENTED TO:**


  /s/Donald D. J. Stack_____
Donald D.J. Stack
Georgia Bar No. 673735
Stack & Associates, P.C.
260 Peachtree Street, N.E.
Suite 1200
Atlanta, Georgia 30303


  /s/R. Hutton Brown_____
R. Hutton Brown
Georgia Bar No. 089280
Southern Environmental Law Center
Ten Tenth Street, Suite 1050
Atlanta, Georgia 30309

Attorneys for Plaintiffs

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| FLINT RIVERKEEPER, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION FILE** |
| ) | **NO. 16-CV-435-CAR** |
| SOUTHERN MILLS, INC. d/b/a ) | |
| TENCATE PROTECTIVE FABRICS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ACKNOWLEDGMENT OF CONSENT PROTECTIVE ORDER**

By affixing my signature below, I acknowledge that I have read and carefully considered the Consent Protective Order (the "Order") executed by the Parties in the above-styled litigation. To the extent necessary, I have sought any necessary legal advice regarding my obligations under the Order. I further understand and agree that should I violate the provisions of said Order that I may be subject to the contempt or sanction powers of the Court and hereby submit myself to the jurisdiction of the Court for purposes of adjudication of any sanction, or other relief sought by the Parties for violation of the Order. I understand that my access to Confidential or Highly Confidential Information as described in the Order, and access of any support personnel upon whom I may rely, is expressly conditioned on my agreement to be bound by the terms of the Order, and I agree to be so bound.

_____
Signature

_____
Typed Name

Personally appeared before me _____ who upon presenting proper identification executed the Acknowledgment of Consent Protective Order freely, voluntarily, and in my presence.

Sworn to and subscribed before
me this \_\_\_\_ day of _____,
20\_\_.

_____
Notary Public

Commission Expires